IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-59- |
| | § | ALM-CAN-1 |
| FATIMA RAMIREZ (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Fatima Ramirez's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 18, 2022, to determine whether Defendant violated her supervised release. Defendant was represented by Defense Counsel Darlina Crowder. The Government was represented by Assistant United States Attorney Tracey Batson.

Defendant was sentenced on January 30, 2020, before The Honorable Marina Garcia Marmolejo of the Southern District of Texas after pleading guilty to two Counts of the offense of Misuse of Passport, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. Due to a Motion for a variance before the Court pursuant to defense motion for a variance to which the Government did not object and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), she was subsequently sentenced to 5 months imprisonment, as to each Count, to run concurrently followed by a 3-year term of supervised release on each Count also to run concurrently subject to the standard conditions of release, plus special conditions to include participation in the location monitoring program with home detention for 5 months; mental health treatment; substance abuse

testing; 75 hours of community service to be completed within 12 months; and a $200 assessment. On July 15, 2020, she completed her period of imprisonment and began service of the supervision term in the Eastern District of Texas. Jurisdiction of this case was transferred on February 17, 2022, and the case was reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On March 25, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) You must answer truthfully the questions asked by your probation officer; (3) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) You must complete 75 hours of community service within 12 months. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.) You must provide written verification of completed hours to the probation officer; and (5) You will be monitored by the form of location monitoring technology indicated below for a period of 5 months, and you must follow the rules and regulations of the location monitoring program. You must pay the cost of the program. Radio frequency (RF) monitoring is the form of location monitoring technology that will be used to

monitor the following restrictions on your movement in the community. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer [Dkt. 2 at 1-4, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted positive urine specimens for marijuana on October 12, 2021; January 7, 2022; January 31, 2022; and March 12, 2022. Each specimen was confirmed by the national lab. She denied any use for the first two specimens and attributed it to using a lotion containing CBD/Hemp. She verbally admitted to ingesting THC gummies in March. An interpretation report from Alere Toxicology Services revealed new use prior to the collections on January 31, 2022, and March 12, 2022; (2) During a home visit conducted on March 12, 2022, Defendant advised she had discontinued her job one week prior to the visit. However, on March 14, 2022, the U.S. Probation Officer contacted her former employer, Five Star Ford of Dallas, and was advised she had discontinued employment on December 30, 2021. For at least two months, Defendant provided false information to the U.S. Probation Office as she advised she was employed through this employer. Additionally, she submitted false information on the monthly electronic reporting system (ERS) reports for the months of January and February as she continued to indicate she was employed through Five Star Ford. Additionally, during a home visit conducted on March 12, 2022, Defendant reported she had completed all her community service hours, and advised she completed them at her daughter's elementary school. She was unable to provide written verification. During a phone call on March 21, 2022, she advised she had completed 22 hours at her daughter's school and the rest at a local pantry. She was unable to provide verification. On March 21, 2022, the U.S. Probation Officer spoke with the principal of Brent Elementary School, Little Elm, Texas, and was advised the

REPORT AND RECOMMENDATION – Page 3

information provided by Defendant was false. Additionally, during a phone call on June 2, 2021, Defendant was questioned about the existing balance she had with BI Incorporated (location monitoring program) because the balance was $400.74. She stated she had paid the balance in full and would provide a receipt for verification. She failed to provide said verification. Contact with BI was made on March 23, 2022, and it was revealed the full balance exists and she never made a single payment; (3) Defendant failed to notify of her employment change from Five Star Ford within 72 hours of becoming aware of such change after terminating her employment on December 30, 2021; (4) On August 4, 2020, Defendant was instructed to complete community service hours. On September 18, 2020, she was encouraged to contact Christian Community Action to commence community service as she had not performed any. On February 11, 2022, she was reinstructed to complete 20 hours each month until completion. To date, Defendant has not submitted verification for any hours performed; and (5) On or about July 15, 2020, Defendant was instructed and signed a Location Monitoring Program-Participant Agreement directing her to make payments for her location monitoring. Defendant failed to pay the cost of the program. To date, a balance of $400.74 remains outstanding [Dkt. 2 at 1-4, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations.  Having considered the Petition and the plea of true to allegations 1, 2, 3, 4, and 5, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 13, 14].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons

to be imprisoned for an additional term of imprisonment of five (5) months on both Counts 4 and 5, to run concurrently, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in FMC Fort Worth, if appropriate.

**SIGNED this 29th day of April, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE